(No. 22849.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SARSFIELD HORAN, Plaintiff in Error.

*Opinion filed April 17, 1935.*

CHARLES A. BELLOWS, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Sarsfield Horan was found guilty of the charge of assault with intent to kill by a jury in the criminal court of Cook county. Motions for a new trial and in arrest of judgment were overruled and he was sentenced to prison. The case is here by writ of error.

Counsel for Horan has made seven assignments of error but argues only two, hence the other five need not be considered. *People* v. *Cobb,* 343 Ill. 78; *People* v. *Kozel,* 303 id. 112.

The first assignment of error argued is that the evidence is insufficient to prove the guilt of the plaintiff in error beyond a reasonable doubt. Counsel goes into great detail in pointing out alleged discrepancies in the testimony of the police officers, but these alleged discrepancies are more fancied than real and indicate the truth rather than the falsity of the testimony given by the witnesses. The officers testified that they were driving south on Kedzie avenue, in Chicago, on June 2, 1934, when they saw a LaSalle sedan without license plates going north. The officer driving the squad car turned about and gave chase. The squad car pulled up alongside the LaSalle and the officer to the right of the driver in the front seat turned a spotlight on the three occupants of the LaSalle. While the light was on these three men the officers saw their faces. The same thing occurred a second and later a third time. A street car intervened for a short time between the automobiles, but shortly after this the squad car forced the LaSalle to the curb. The two men in its rear seat jumped out, and officers Olson, Trecker and McKeown gave chase. Two occupants of the LaSalle (its driver, Hilrey Shaughnessy, and John Smith,) were captured by Trecker and McKeown near Forty-fifth and Kedzie. Horan ran across the street to the east and across a vacant lot on the southeast corner of the street intersection at Forty-fifth and Kedzie. Olson, and Sprague, the driver of the squad car, agree that Horan shot at Olson but do not agree as to where he was when he fired. At an alley near the point where the cars stopped there was a street light. The men who were attempting to escape could be seen by its light. The identification of the plaintiff in error is positive and ample. The first contention is therefore not well taken.

The second point contended for is that the court should have given the jury forms of verdict under the second and third counts of the indictment as well as the first count. The form of verdict given was with reference to the charge

of assault with intent to kill and no form of verdict was given covering assault with intent to do bodily injury, the offense charged in the second and third counts of the indictment. The defense was an alibi.

In *People* v. *Herbert,* 340 Ill. 320, the defendant was caught stealing cigarettes from a box-car. He fired three shots at an officer. In the trial of the case the People *nollied* the second and third counts of the indictment, both of which charged Herbert with an assault with intent to inflict bodily injury. In answer to the contention that the court erred in permitting the counts to be *nollied* and in submitting the case to the jury on the first count, which charged assault with intent to kill, we held that no error was committed, and that it would be presumed that if the jury had not believed the defendant guilty of an assault with intent to commit murder they would have found him not guilty regardless of the presence or absence of the second and third counts of the indictment. It is not contended that this testimony shows an assault with intent to inflict bodily injury. The malicious firing of a pistol at officer Olson with no sufficient provocation constituted an assault with intent to commit murder. *People* v. *Wilson,* 342 Ill. 358; *People* v. *Herbert,* 340 id. 320.

Where the evidence, as here, supported the charge under which the form of verdict was given, and where the plaintiff in error made no objection to the instructions and form of verdict and did not request other forms of verdict, he is in no position to claim that error was committed.

The evidence is sufficient to sustain the verdict of the jury, and the court committed no error by failing to submit to the jury forms of verdict under the second and third counts of the indictment.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*